STEPHEN F. BLACKWELL, Appellant, v. IRWIN Z. SMITH, Respondent.

### November 18, 1879.

1. There is no material difference between the statements, "You are either a thief or you got the book from a thief," and "You are a thief, or you got the book from a thief," neither being an unqualified statement that the person spoken of is a thief.

2. The pleader is barred by the cause of action stated, and if the issue is found against him, he cannot in the appellate court enlarge the issues so as to embrace other statements in his petition, not stated as a cause of action, but as a mere accompaniment to the matters laid as a ground of action.

APPEAL from the St. Louis Circuit Court.

*Affirmed.*

FAUNTLEROY & COLLINS, for the appellant.

IRWIN Z. SMITH, *pro se.*

HAYDEN, J., delivered the opinion of the court.

The words laid as slanderous are, " You are a thief; there is a place in the penitentiary for just such men as you are." The issue, however, as put to the jury, upon instructions given at the request of the plaintiff, was whether

the defendant said to plaintiff, "You are a thief," and this issue the jury found for the defendant. Both parties testified that the defendant said of the plaintiff in substance as follows: "You are either the thief or you got it [defendant's book] from a thief." On the basis of this testimony, the court below instructed the jury that if they believed from the evidence that when the defendant used the words, "You are a thief," — if he did use such words, or words of like effect, — he qualified such words by the further and immediately following statement, "or you bought the book from a thief," or words to that effect; and that if defendant did not use the words complained of, except as qualified by the addition of the words, "or you bought the book from a thief," or words to that effect, then the plaintiff could not recover. It is complained that there is no evidence to support this instruction, as the words, as testified to by defendant's witnesses, were, "You are either the thief or you got the book from a thief." It is said that the "either" makes an essential difference, as it leaves the sentence unfinished, and presents an alternative. But if the words, "or you got the book from a thief," were added (as the jury has found), not only does the insertion of the "either" not vary the meaning, but its use is implied by the "or." In colloquial language, the "either," corresponding to the "or," is more frequently implied than expressed. Thus, in idiomatic and informal English one says, "You are twenty-one or older;" "You are a thief or a receiver."

It is complained that the trial court erred in instructing the jury that the words, "There is a place in the penitentiary for just such men as you are," if applied by the defendant to the plaintiff, would not entitle the plaintiff to recover, unless he had shown from the evidence that he had sustained special damages. But the question argued in the brief, whether these words are actionable *per se*, is, like the questions argued as to the measure of damages, not before

this court. The jury have found for the defendant, and against the issues as presented by the plaintiff. The plaintiff declared, and upon the instructions asked by him rested his case, upon the words, "You are a thief." The other words, "There is a place in the penitentiary," etc., though they follow the first words in the petition, were not made the foundation of a cause of action upon the trial. The plaintiff put his case to the jury exclusively upon the words "You are a thief." Now that the jury has found that these words were not uttered, or were uttered, if at all, only with the above qualification, the plaintiff cannot in this court raise a new issue, and obtain a reversal upon other words, which, though stated in his petition, were stated, as the inuendo shows, not as a ground of action, but only as an accompaniment of the words, "You are a thief." It is true that a plaintiff in slander need not prove all the words alleged to have been spoken, provided enough are proved to constitute a cause of action; and it is also true that, at the request of the defendant, the court gave the above instruction as to special damages. But a plaintiff in slander, as in any other case, is bound by the cause which he presents and on which he rests his case. If the issue is made by him upon given words, he cannot, when that issue is found against him, present in the appellate court another cause of action, founded on words on the utterance of which he made no distinct issue below. As it was, the instruction as to the legal effect of the words, "There is a place in the penitentiary," etc., was not responsive to any issue which the case of the plaintiff presented. That instruction was needlessly asked by the defendant and given by the court, and, whether correct or otherwise, its giving can be no ground for reversal. No error is pointed out which, upon the issues as presented, can, after the finding by the jury for the defendant, be considered to have prejudiced the rights of the plaintiff, and the judgment must be affirmed. All the judges concur.